# DeWitt v. Keystone National Bank, Appellant.

*Trusts and trustees—Stakeholders—Deposit in bank—Interest—Counsel fee.*

1. Ordinarily when one has received money for the use of another and is charged with the duty of holding the money and paying it over to the proper person, he is not chargeable with interest, unless he be guilty of bad faith or unreasonable delay in dealing with such person.

2. An oil company agreed to purchase from S. an interest in a certain oil property. In order to be protected against a supposed lien resting on the property, by and with the consent of S., a deposit was made in a bank by the oil company "to be paid over to said S., or his assigns, when the supposed lien shall be satisfied or released, or otherwise removed from the said land." The deposit was made in August, 1890. Shortly thereafter S. began a proceeding in court against one D. and others for the purpose of clearing the property of the supposed lien. Both S. and D. died pending the suit and their representatives were substituted. In 1904, a final disposition was made of the case by agreement, whereby the right to the money deposited passed to the representatives of DeWitt. The representatives sued the bank for the deposit with interest. *Held*, upon appeal, (1) that the bank was not chargeable with

interest on the deposit, and (2) that the bank was not entitled to be reimbursed for counsel fees paid in resisting the claim for interest.

Argued November 4, 1913. Appeal, No. 75, Oct. T.; 1913, by defendants, from decree of C. P. Allegheny Co., July T., 1912, No. 122, for plaintiffs on bill in equity in case of Lucy S. DeWitt, Administratrix, etc., of the Estate of Ira DeWitt, deceased, v. The Keystone National Bank of Pittsburgh, Penna., and A. M. Stevenson, Administrator of the Estate of William S. Stevenson, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Bill in equity for an accounting. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

The court, on final hearing, awarded the amount of the deposit in question to the complainant, with interest, and refused to allow counsel fees to the defendant bank. Defendant appealed.

*Errors assigned,* among others, were in awarding interest on the deposit and in refusing to allow counsel fees.

*James W. Kinnear,* of *Kinnear, McCloskey & Best,* for appellant.

*G. W. Williams,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The evidence here shows a deposit of $3,379.10 in the appellant bank by the South Penn Oil Company to be applied specially. The oil company had agreed to purchase from William S. Stevenson an interest in a certain oil property in West Virginia. In order to be protected against the supposed lien resting on the property, by and

with the consent of William S. Stevenson, as evidenced by writing, this deposit was made in the appellant bank, "to be paid over to said William S. Stevenson, or his assigns, when the supposed lien shall be satisfied or released, or otherwise removed from the said land, so that the title of said William S. Stevenson shall be clear and discharged of said lien, and the said bank shall have possession of this agreement and give a receipt for said sum, stating that the same is held subject to the provisions of the agreement."

The deposit was accordingly made and the agreement was lodged with the bank. The bank was thus constituted the agent of the oil company to pay over the money when the conditions had been met by Stevenson. This was in August, 1890. Shortly thereafter Stevenson began a proceeding in the Circuit Court of Monongahela County, West Virginia, against one Ira DeWitt and others, for the purpose of clearing the property sold to the oil company of the supposed lien. Stevenson and DeWitt both died pending the suit, DeWitt in 1901 and Stevenson in 1903. The representatives of each were substituted as parties to the suit, and it was not until 1904 that a final disposition was made of the case, and then by agreement of the parties. What that disposition was does not concern us here, except that it is claimed, and the court below found, that the right to the money that had been deposited by the oil company in the appellant bank passed thereby to the representatives of DeWitt. The one question raised by the appeal is whether the bank is chargeable with interest on the deposit, and whether the bank is entitled to be reimbursed for counsel fees paid. The court below by its decree charged the bank with interest at the rate of two per cent. and disallowed its claim for counsel fees.

It is not alleged that the bank had in any way misused the fund, or had unduly withheld it after a proper demand therefor had been made; the claim is for interest on no other ground than that the bank carried it in its

general balance account the same as it did all other deposits. It is not pretended that there was any agreement of understanding on the part of the bank that it would pay interest on the money; nor does it anywhere appear that prior to this litigation any request by any party entitled to the fund was ever made that the bank should pay interest. Ordinarily where one has received money for the use of another, and is charged merely with the duty of holding the money and paying it over to the proper person, he is not chargeable with interest unless he be guilty of bad faith, or unreasonable delay in dealing with it. If there is anything in this transaction which takes it out of the general rule, we have not discovered it. Were this an action at law to recover interest on this money, obviously there could be no recovery except as the plaintiff could show a contract, express or implied, binding the bank to such obligation. No such action could be sustained upon the evidence submitted in the present proceeding. Equity follows the law, and there can be no reason why the evidence here submitted which would be unavailing in a proceeding at law, should here prevail because the proceeding is in equity. Simply calling it a trust does not change the situation. The term trust is a general term embracing a multitude of relations, duties and responsibilities. Every deposit in the bank is in a certain sense a trust, and so is every bailment. It is always a question whether the term "trust" is used in a legal sense. Except as it is, it does not subject the administration of the fund to the supervision of a court of equity. Certainly we can have no warrant for supposing that the oil company and Stevenson, the only parties here concerned, had in mind a technical trust when they constituted the bank the depositary of this fund. Whatever there is of documentary evidence in the case, and this is confined to the agreement between Stevenson and the oil company, makes against appellant's claim; so too the parol testimony. These go to show that it was a gratuitous

deposit without compensation, and without other terms than such as constituted the bank a mere stakeholder, to pay it over to the party appointed to receive it on the happening of some anticipated event, which the party appointed to receive could expedite or delay. For fifteen years this money had been allowed to remain in the bank with the original contract in regard to it unchanged. The bank during all this period kept sufficient money on hand to meet its obligation in this particular, awaiting a proper demand for it. On what principle of law or equity can it be required, now that proper demand has been made, to pay what it never contracted to pay, especially as it has not been shown to what extent, if any, it profited by the transaction? The depositors contracted for security of the fund, and that they have received. If others depositing for additional consideration,—viz, for interest on their deposits—received more than did these parties, it was because they had so contracted in advance. It is to be remembered that in this case it was a demand deposit, requiring the bank to be prepared to meet it at any time. The learned judge's first decision accorded with the views here expressed, and he then ruled that the bank was not liable for interest on the deposit. Subsequently, on exceptions, he resolved the question differently because of what was said by this court in the very recent case of Reid v. Reid, in 237 Pa. St. 176, overlooking the very clear distinction between that case and this, both as to facts and law. There we had a case of an express trust which subjected the fund to the jurisdiction of a court of equity. The parties owning the property had made sale of it, and, by agreement, the mortgage to secure payment of part of the purchase price was taken in the name of the trust company as trustee; for default, the trustee foreclosed the mortgage and sold the property; because of disagreement between the parties interested as to the distribution the money realized remained for a considerable time

in the custody of the trustee, in a separate and distinct account. What we there said was,

"Whether or not a trustee should be made to pay interest depends largely upon the circumstances in each case, and no general rule can be laid down upon the subject. In the present instance, while we cannot say that the defendant trust company was bound to invest the fund, or that it was chargeable with negligence for not so doing, yet we feel that it should pay the same interest thereon it would pay to a third party who carried with it a deposit of a like character, that is, an account subject to check."

It will be observed at once that we were there dealing with an express trust which was the subject of equity jurisdiction and control, and with a trustee that was directly answerable in a court of equity, one who could be removed by such a court and replaced by another of its own selection, and one who could be required to account to such court for the fund committed to it. In all such cases the duties and responsibilities of the fiduciary are well defined by settled principles. Here we have no such trust, but the whole matter involved rests in contract. The court took jurisdiction of this case in equity, not because it was a trust over which it had jurisdiction, but because the bill filed was adjudged in the nature of interpleader where there were many and conflicting claims to the fund. From what we have said it follows that error was committed in charging the bank with interest. It just as certainly follows that no error was committed in refusing appellant any allowance for counsel fees. Whatever expense it was at in resisting the appellee's demand for interest, was incurred in protecting itself. The assignments of error relating to these features of the case above referred to are sustained, the decree is reversed, and the record is remitted with instructions that a decree be entered in accordance with the views here expressed, the costs on this appeal to be paid by appellee.