## Wainwright, Appellant, *v.* Marine National Bank.

Appeal, No. 99, April T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1917, No. 920, on verdict for plaintiff in case of Samuel J. Wainwright, Jr., Surviving and Liquidating Partner of the Firm of Charles P. Walker and S. J. Wainwright, Jr., Partners, formerly doing business as Walker & Wainwright, v. The Marine National Bank, a Corporation. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

OPINION BY HENDERSON, J., July 17, 1919:

This appeal arises out of the case at No. 5, April Term, 1919, in which the appellant was plaintiff and the appellee defendant. In that case it was held that the plaintiff was entitled to interest on the deposit in question from the time the bank refused payment of his check.

In the present appeal it is contended in behalf of the appellant that the court should have instructed the jury that interest was due from the time of the deposit because of the refusal of the bank to pay on the demand of the surviving partner. The plaintiff sued for a debt arising out of a deposit of partnership funds. The bank did not pay the check drawn against the deposit. There was therefore a delayed payment of an admitted indebtedness. There was neither an express nor an implied obligation to pay interest by reason of the deposit. The fund was subject to the call of the depositors, and the bank was required to be ready at all times to respond to the call. Neither of the parties to the transaction contemplated the payment of interest while the deposit continued in the bank in the ordinary course of business. There is no evidence of bad faith, nor of such use of the fund as was out of the usual course of banking.

The case of Dewitt v. Keystone National Bank, 243 Pa. 534, on which the appellant relies, does not sustain appellant's position. It is an authority rather in support of the appellee.

The assignments are overruled and the judgment affirmed.